UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                              CRIMINAL NO. 3:13-CR-118-R

THOMAS MIDDLETON                                              DEFENDANT

**SENTENCING MEMORANDUM**
*ELECTRONICALLY FILED*

The United States of America, by counsel, Assistant United States Attorney A. Spencer

McKiness, files its memorandum in support of sentencing in this action currently scheduled for

March 18, 2014.

I.  Factual Background

The Louisiana Attorney General's Office (LAGO) contacted law enforcement in

Louisville, Kentucky regarding a peer-to-peer investigation into Louisiana resident Robert Swan.

The LAGO had previously executed a search warrant on Swan's residence on January 30, 2013.

During the review of Swan's electronic storage devices the LAGO discovered images of Swan

and a then unknown individual engaged in the sexual exploitation of a minor.  The unknown man

had a cross tattoo on his right middle finger and was later identified as Thomas Middleton,

through identifying information located on Swan's computer.  During the course of their

investigation, thousands of digital images of child pornography were recovered, including

images with Swan and Middleton sexually abusing a 4 to 5 year old female.

On July 24, 2013, a federal search warrant was executed on Middleton's residence.

Several items in the residence appeared to be the same as items observed in some of the sexual

1

abuse images found on Swan's computer.  During the execution of the search warrant, Middleton identified the child victim depicted in the pictures with him.

Using EXIF data[1] from the images of child pornography, FBI Task Force Officer Shawn Hamilton determined that the images were created using a Sony DSC-W290 camera that is manufactured outside of Kentucky.  The EXIF data also revealed that the images of the child pornography were produced on the following dates: August 11, 2009, January 18, 2010, May 23, 2010, February 11, 2011, and May 15, 2011.  The images were created in Kentucky, while Middleton babysat the victim.

## II.  Crimes of Conviction

The United States presented evidence regarding these matters to a federal Grand Jury sitting in Louisville, Kentucky.  On August 21, 2013, the Grand Jury returned a 5 count Indictment against Middleton.  Counts 1 through 5 charged Middleton with production of child pornography.  On December 12, 2013, Middleton pleaded guilty to all counts of the Indictment, pursuant to a Rule 11(c)(1)(B) plea agreement.

## III.  Guidelines Calculations

Even in the post-*Booker* sentencing era, the United States Supreme Court and the Sixth Circuit Court of Appeals, reiterated the continued importance of the United States Sentencing Guidelines in the federal sentencing process.  *See Gall v. United States,* 552 U.S. 38 (2007), and *United States v. Anderson*, 526 F.3d 319  (6th Cir. 2008).  The *Anderson* court opined that

> [a]t the outset, we note that it is unclear that an error in determining the Guidelines recommendation can ever be considered harmless post- *Gall. Gall* clearly directed the focus of sentencing courts to the Guidelines. For instance, the

---

1 EXIF data stands for Exchangeable image file format, which is a file format that when used in cameras tags each image with information about that image, like the type of camera used to create the image, the time the image was captured, and the geolocation where the image was taken.

Court held that a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. 128 S.Ct. at 596. '[T]he Guidelines should be the starting point and the initial benchmark,' so as to ensure fair sentencing 'administration and to secure nationwide consistency.' *Id.* Furthermore, the Court held, '[t]he fact that 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.' *Id.* at 596 n. 6. If the district court decides to sentence a defendant outside of the Guidelines range, then the district court 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. [The Court] f[ou]nd it uncontroversial that a major departure should be supported by a more significant justification than a minor one.' *Id.* at 597. On appeal, the Courts of Appeals 'must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range .... or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.' *Id.*

*Id.* at 329. The *Anderson* court further noted that such a focus on the Guidelines "is consistent with the Court's other recent sentencing precedent" and went on to reference the decisions in *United States v. Booker*, 543 U.S. 220, 245-46, (2005), *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007), and *Rita v. United States*, 127 S.Ct. 2456, 2468 (2007), to include the opinions' respective references to the role of the Guidelines. *Id.* In the more recent case of *United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012), the Sixth Circuit noted that, although advisory, the Sentencing Guidelines should still be "'the starting point and the initial benchmark' for choosing a defendant's sentence." Citing *Gall v. United States,* 552 U.S. at 49 (2007). Recognizing that the Sentencing Guidelines are the starting point for determining an appropriate sentence, the United States concurs with the Guidelines calculation of 41 as calculated by the United States Probation Office.

**A.  Prior conviction for sexual battery**

A prior conviction for sexual battery or sexual abuse, under the laws of any state,

increases the statutory-mandatory minimum sentence for production of child pornography from 15 years to 25 years of imprisonment. 18 U.S.C. § 2251(e). In determining whether a prior conviction is a predicate offense a court must analyze it using the categorical approach. *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010). In applying the categorical approach, the court should consider the offense generally and "examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141 (2008). A modified categorical approach can be used if it is possible to violate a statute in a way that would constitute a qualifying crime and in a way that would not. *Shepard v. United States*, 544 U.S. 13, 17 (2005). The modified categorical approach requires the court to determine "whether there was a finding that the ultimate crime of conviction 'necessarily involved (and a prior plea necessarily admitted) facts equating' to a qualifying crime." *Id*. at 24.

On January 24, 1992, Middleton pleaded no contest in a Florida state court for a violation of Fla. Stat. sec. 794.011, Sexual Battery in the Second Degree, a felony in the state of Florida. (Judgment, at p. 1, attached as Exhibit 1). Under Florida law, a sexual battery is defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object . . ." Fla. Stat. sec. 794.011. A person is guilty of Sexual Battery in the Second Degree when he "commits a sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof does not use physical force and violence likely to cause serious personal injury . . ." Fla. Stat. sec. 794.011(5). The victim in that crime was twenty-two years old and was both deaf and mute. (Affidavit of Sgt. Rolan Peek, at p. 2, attached as Ex. 2). Analyzing the prior conviction using the modified categorical approach reveals that it was a qualifying crime. Because Middleton's prior

4

conviction for Sexual Battery in the Second Degree is a predicate offense, the increased statutory-mandatory minimum of 25 years applies.

### B. Statutory sentencing provisions

A conviction for production of child pornography carries a mandatory minimum term of 25 years' imprisment because of Middleton's prior conviction for sexual battery. The maximum potential penalty is 50 years' imprisonment. The statutory maximum term for all charges combined is 250 years' imprisonment.

Middleton faces a potential maximum fine of $1,250,000. The Court must impose supervised release for at least five years and may impose a term of any number of years, up to and including life.

### IV. Criminal History

The United States concurs with the criminal history calculation prepared by the United States Probation Office.

### V. 18 U.S.C. § 3553(a) Factors

The total offense level should be 41. The Criminal History Category is I. The sentencing range pursuant to the Guidelines is 324-405 months' incarceration.

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). For the reasons that follow, the United States respectfully requests that the Court impose a sentence within the applicable Guidelines range.

Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1)    the nature and circumstances of the offense and the history and characteristics of

5

the defendant;

(2)     the need for the sentence imposed–

    (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)     to afford adequate deterrence to criminal conduct;

    (C)     to protect the public from further crimes of the defendant; and

    (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for--

    (A)     the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
       . . .

(5)     any pertinent policy statement--
       . . .

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

Middleton stands convicted of serious child exploitation offenses, including production of child pornography.  The sentence imposed in this action should be substantial in order to adequately reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, deter further criminal conduct, protect the public from further crimes of the defendant, and provide Middleton with needed correctional treatment.  A sentence within the Guidelines range is sufficient, but not more than necessary to satisfy these factors.

**A.  The nature and circumstances of the offense and the history and characteristics of the defendant warrant a significant sentence.**

The nature and circumstances of Middleton's current offenses are appalling and depraved. He sodomized an innocent little girl left in his care, passed her to his friend to molest, and recorded it for his perverse sexual gratification.  He did so with full knowledge that he was HIV positive.  Middleton took pictures of himself and Robert Swan sodomizing and molesting a

young girl under seven years old.  Middleton was her babysitter, entrusted with her safety and wellbeing.  Middleton betrayed that trust in the worst possible way.  He took several sexually explicit photographs of the victim on five separate occasions.  In one of those photos, Middleton is seen stuffing his erect penis into the girl's mouth without using any type of prophylactic to protect the girl from contracting HIV.   The images of child pornography created by Middleton were found on Swan's computer, several states away in Louisiana.

Middleton is a sexual predator and a destroyer of lives.  He preys upon the weak and defenseless.  He was previously convicted in 1992, for Sexual Battery in the Second Degree for vaginally penetrating a 22 years old deaf and mute female with his penis and repeatedly striking her in the face and head.  His unwavering criminal conduct evidences both a lack of social responsibility, a severe lack of respect for the law, and a compulsion to sexually abuse vulnerable victims.  He is a dangerous man and his conduct warrants an extremely severe sentence.

**B. The need for the sentence imposed to reflect the seriousness of the offense**.

A Guidelines sentence will reflect the seriousness of Middleton's criminal conduct. Middleton stands in front of the court convicted of five counts of production of child pornography.  On five separate occasions, Middleton produced images of himself molesting and sodomizing a child under seven years old.  A single count of production of child pornography with a victim under seven years old would warrant a lengthy sentence, but five counts of production with one victim under seven years old warrants a term of imprisonment beyond that.

The probation office calculated the Sentencing Guidelines, which resulted in a sentencing range of 324–405 months' imprisonment.  A Guidelines sentence will promote respect for the law and give clear notice to Middleton and the public that child sexual offenders will be

punished harshly.  This point is particularly significant because Middleton is a habitual sexual offender.

Despite serving time in prison for 3nd Degree Sexual Battery, Middleton has resumed his abusive and criminal sexual interests.  He has a serious problem and a Guidelines sentence will show the public that this type of behavior is intolerable and will be punished harshly.

### C. The need to protect the community.

Despite his conviction and imprisonment for 2nd Degree Sexual Battery of a deaf and mute woman, Middleton's dangerous sexual appetite for vulnerable victims is unsatisfied.  He is a potential danger to children and adults alike.  Middleton's abusive sexual behavior has gone untamed for more than 20 years and must be stopped.  Middleton's criminal sexual appetite evidences a significant need for this Court to protect the community, particularly the young and the vulnerable.  Middleton's current crime and his previous conviction are evidence that he cannot conform his behavior to societal norms.  Middleton should not have the opportunity to abuse another child.  A sentence of 324 months is warranted given Middleton's Guidelines and criminal history.

### D. The kind of sentences available.

In considering the kinds of sentences available, it cannot be overlooked that a statutory-mandatory minimum term of imprisonment applies here.  Moreover, for the reasons set forth more fully above, it is very important to focus on Congressional intent regarding punishment in child sex offense cases (as evidenced in the Sentencing Guidelines and pertinent statutes).  Congress and the Sentencing Commission have recognized that the Internet has fundamentally changed the nature of child pornography offenses.  Child pornography is now an explosive problem of national and international significance.  Congress and the Sentencing Commission

8

have set large penalties both to deter individuals from participating in this community and to punish those who provide networking and support for people committing sex offenses against children.  Within the past ten years, Congress and the Sentencing Commission have systematically increased the penalties (both statutory-mandatory minimum and advisory Guideline) for child pornography offenders.  Oddly enough, Congress's actions are continually cited by defense attorneys as a reason for sentencing child pornography offenders to below Guideline sentences.  The Sixth Circuit, however, recently explained that district courts should not disregard the child pornography sentencing guidelines based on Congress's role in increasing them.  *See United States v. Bistline*, 665 F.3d 758 (6th Cir. 2012).

In *United States v. Bistline*, the Sixth Circuit reviewed a district court's reasoning for sentencing a defendant to a below guideline sentence.  *Id*.  The district court largely based its decision on its belief that Congress took too active a role in crafting and amending section 2G2.2, and that 2G2.2 was not a result of empirical study.  The Sixth Circuit soundly rejected that reasoning, noting that Congress's role is to define crimes and fix penalties.  *Id*. at 761.  It further stated that  "Congress's power to make sentencing policy does not arise from a delegation from anyone . . . instead [it] flows directly from the Constitution."  *Id*. at 764.  Nothing in the Constitution confines Congress's sentencing power to empirical grounds.  *Id*.  Congress is free to dictate sentencing enhancements based upon "a retributive judgment that certain crimes are reprehensible and warrant serious punishment."  *Id*. at 764.  "Congress's long and repeated involvement in raising the offense levels of section 2G2.2 makes clear that the grounds of its action were not only empirical, but retributive-that they included not only deterrence, but punishment."  *Id*.  Because Congress has taken such an interest in crafting the punishment for criminals guilty of child pornography offenses, section 2G2.1 should not be marginalized when

sentencing those individuals.

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, as outlined above, follow the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence of 324 months.

Respectfully submitted,

DAVID J. HALE
United States Attorney

/s/ A. Spencer McKiness
A. Spencer McKiness
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-6006
FAX: (502) 582-5097

CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to Patrick J. Bouldin, counsel for the defendant.

/s/ A. Spencer McKiness
A. Spencer McKiness
Assistant U.S. Attorney

10