UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:13-CR-118-R**
**UNITED STATES OF AMERICA,**                                                                   **PLAINTIFF,**

vs.

**THOMAS MIDDLETON,**                                                                                 **DEFENDANT.**

**SENTENCING MEMORANDUM WITH**
**MOTION FOR VARIANCE**

Comes the defendant, by counsel, and moves the Court pursuant to 18 U.S.C. §§3553(a) and all other applicable authority for a downward variance from the applicable advisory guideline sentence of 324 months to the statutory minimum sentence of 300 months.

Mr. Middleton is approximately 51 years old and suffers from hypertension, diabetes, heart condition, and cellulitis and is HIV positive. He has been hospitalized for tachycardia. PSR ¶¶73,77-78. Medical records also indicate hypertriglyceridemia (high blood levels of triglycerides associated with atherosclerosis and predisposition to cardio-vascular disease) and protenuria. He is currently taking lisinopril and metoprool (for hypertension), metformin (for diabetes), complera (for HIV), and gemfribrozil (for high triglyceride). He has been convicted upon a plea of guilty of five counts of knowingly employing, using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

purpose of producing a visual depiction of such conduct in violation of 18 U.S.C. §2251(a). Each of the counts against him ordinarily carries a mandatory minimum sentence of 15 years imprisonment, a maximum sentence of 30 years imprisonment, a maximum fine of $250,000.00, and a term of supervised release up to life. However, the United States alleges that Mr. Middleton's 1992 conviction in Florida for sexual battery on a person over the age of 12 increases the penalty for each count to a mandatory minimum sentence of 25 years imprisonment, a maximum sentence of 50 years imprisonment, and a term of supervised release up to life. The presentence report (PSR) deems his total offense level to be 41 and his criminal history category to be I. This results in an advisory guideline range of 324 to 405 months imprisonment. This range is greater than necessary to satisfy the purposes of sentencing.

## Determining the Appropriate Sentence

In imposing sentence, the District Court must first correctly calculate the advisory guideline range, Gall v. United States, 552 U.S. 38,49 (2007), but may not treat that range as mandatory or presumptive, Id., at 51; Nelson v. United States, 555 U.S. 350,352 (2009). It is only "one factor among several" to be considered in imposing an appropriate sentence under 18 U.S.C. §3553(a). Kimbrough v. United States, 552 U.S. 85, 90 (2007). The Court must "consider all of the §3553(a) factors", "make an individualized assessment based on the facts presented", Id., at 49-50, and explain how the facts relate to the purposes of sentencing. Id., at 53-60; Pepper v. United States, ___ U.S. ___. 131 S.Ct. 1229, 1242-43 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

than necessary' to accomplish the goals of sentencing". Kimbrough, 552 U.S., at 101; Pepper, 131 S.Ct., at 1242-43.

In other words, the recommended sentencing range determined by application of the Federal Sentencing Guidelines is advisory only, and, at most, comprises only one of the many factors the Court must consider in arriving at a reasonable sentence. The Court must consider the advisory guidelines *as well as other factors* in arriving at a "reasonable" sentence. In imposing the ultimate sentence, the Court must consider *all* of the factors set forth in §3553(a)—not just the advisory guidelines. Two other statutes also impact sentencing in the federal courts: 18 U.S.C. §3582, which requires a Judge to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation" in determining whether and to what extent imprisonment is appropriate based on the §3553(a) factors; and 18 U.S.C. §3661, which mandates that "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." After considering these factors, the Court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the statutory purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation of the defendant in the most effective manner. 18 U.S.C. §3553(a)(2). This so-called "parsimony provision" represents the "overarching" command of the statute. Kimbrough, 552 U.S., at 101.

A key component of Supreme Court law, designed to ensure that the guidelines are

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

truly advisory and constitutional, is the authority of this Court to disagree with a guideline as a matter of policy. Because "the Guidelines are now advisory . . . , as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." Kimbrough, 552 U.S. at 101-02 (internal punctuation omitted) (citing Rita v. United States, 551 U.S. 338, 351 (2007) (district courts may find that the "Guidelines sentence itself fails properly to reflect § 3553(a) considerations"). As the Supreme Court held in Kimbrough, because "the cocaine Guidelines, like all other Guidelines, are advisory only," it "would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Kimbrough, 552 U.S. at 91, 109-10; *see also* Spears v. United States, 555 U.S. 261, 267 (2009) ("[D]istrict courts are entitled to vary from the crack cocaine Guidelines in a mine-run case where there are no 'particular circumstances' that would otherwise justify a variance from the Guidelines' sentencing range.").

Congressionally directed guidelines are just as advisory as any other guideline and therefore equally subject to policy-based variances. In Vazquez v. United States, ___ U.S. ___,130 S. Ct. 1135 (2010), the Supreme Court remanded for reconsideration in light of then Solicitor General Kagan's position that "all guidelines," including congressionally-directed guidelines, "are advisory, and the very essence of an advisory guideline is that a sentencing court may, subject to appellate review for reasonableness, disagree with the guideline in imposing sentencing under Section 3553(a)." U.S. Br. at 11, Vazquez v. United

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

States, No. 09-5370 (Nov. 2009). As the Sixth Circuit has previously recognized, "*all* of the sentencing guidelines are advisory," including those directed by Congress. United States v. Michael, 576 F.3d 323, 327 (6th Cir. 2009) (emphasis in original). Congressional directives "tell[] the Sentencing Commission, not the courts, what to do," and "a directive that the Commission specify a particular Guidelines range is not a mandate that sentencing courts stay within it." Id. at 328.

This Court may thus properly find that the guidelines applicable to violations of 18 U.S.C. §2251—whether they originate from the Commission or the Congress—were not developed based on empirical data and national experience, *see* Kimbrough, 552 U.S. at 109-10, consistent with the Supreme Court's repeated recognition that when a guideline was not developed based on empirical data of past sentencing practices and national sentencing experience, it is not likely that the guideline "reflect[s] a rough approximation of sentences that might achieve §3553(a)'s objectives," and that a policy-based variance from such a guideline is not subject to "closer review" and is "not suspect." *See* Kimbrough, 552 U.S. at 109-10; *Spears*, 555 U.S. at 264; *Rita*, 551 U.S. at 348, 349-50.

In a recent decision, the Sixth Circuit made a distinction between guidelines that are directed by Congress and guidelines that are chosen by the Commission. *See* United States v. Bistline, 665 F.3d 758, 763-64 (6th Cir. 2012). With respect to guidelines chosen by the Commission, when the Commission "makes a policy decision for reasons that lie outside its [empirical] expertise," the resulting guideline is "vulnerable on precisely that ground." Id. With respect to guidelines directed by Congress, "the district court that seeks to disagree

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

5

with the guideline on policy grounds faces a considerably more formidable task than the district court did in *Kimbrough*." Id. at 764. While "with respect to those enhancements" that were directed by Congress, the District Court "must refute . . . Congress's reasons," Id., this Court "may still disagree with the policies embodied in [congressional] directives," as long as the court explains its disagreement "in terms that are persuasive on policy grounds." *Id*. at 763.

### Determining The Appropriate Advisory Guideline Range

The guidelines direct the Court to first determine the offense level, apply any applicable specific offender characteristics or departures, adjust for acceptance of responsibility, determine the defendant's criminal history category, and determine the resulting advisory guideline range. 18 U.S.C. §§3553(a)(4) and (a)(5); U.S.S.G. §§1B1.1(a) and (b).

The presentence report deems Mr. Middleton to have a total offense level of 41 and a criminal history category of I, resulting in an *advisory* guideline range of 324 to 405 months, D zone, subject to a statutory mandatory minimum sentence of 300 months. There are no authorized specific offender characteristics, departures, or any other policy statements or commentary in the guidelines that warrant a departure from this initial advisory guideline range. 18 U.S.C. §3553(a)(5); U.S.S.C. §1B1.1(b).

### Consideration of the §3553(a) Factors

After determining the initial guideline range and applying any specific offender characteristics and departures contained in the guidelines that might warrant consideration

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6

in imposing sentence, the Court must then "consider the applicable factors in 18 U.S.C. §3553(a) taken as a whole." 18 U.S.C. §3553(a); U.S.S.G. §1B1.1(c).

The guideline range arrived at by the Court after first calculating offense level and criminal history category is only "one factor among several" to be considered in imposing an appropriate sentence under 18 U.S.C. §3553(a). Kimbrough v. United States, 552 U.S. 85, 90 (2007). The Court must "consider all of the §3553(a) factors," "make an individualized assessment based on the facts presented", id., at 49-50, and explain how the facts relate to the purposes of sentencing. Id., at 53-60; Pepper v. United States, ___ U.S. ___. 131 S.Ct. 1229, 1242-43 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing". Kimbrough, 552 U.S., at 101; Pepper, 131 S.Ct., at 1242-43. These goals of sentencing are just punishment;  deterrence; protection of the public; and rehabilitation of the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2). In enacting the Sentencing Reform Act, Congress did "not favor [ ] one purpose of sentencing over another," except that rehabilitation was not to be a reason to impose a sentence of incarceration. 18 U.S.C. §3582. *See* S. Rep. No. 98-225, at 67 (1983). Rather, "each of the four stated purposes should be considered in imposing sentence in a particular case," and "one purpose of sentencing may have more bearing on the imposition of sentence in a particular case than another purpose has."  Id., at 68. In choosing what kind of sentence to impose, the Court "must consider" all of the purposes and factors set forth in §3553(a). Id., at 119. "Whether [imprisonment]

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

should be imposed when authorized is a question to be resolved after balancing all the relevant considerations." Id.; *see also* United States v. Bridgewater, 479 F.3d 439, 442 (6th Cir. 2007) ("often one or two [purposes] prevail, while others pale").

"No limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. §3661.

### The Appropriate Sentence

Despite the *advisory* guideline range ultimately determined by the Court, the Court may vary downward from that range in determining the appropriate sentence in this case. As discussed above, the Federal Sentencing Guidelines are advisory only. United States v. Booker, 543 U.S. 220, 246-58 (2005). While the Court must give consideration to the guidelines in determining an appropriate sentence, it is not bound by them, nor may it presume that the advisory guideline sentence is the correct one. Gall v. United States, 552 U.S. 38 (2007); Rita v. United States, 551 U.S. 338 (2007).

The specifics of this case demonstrate that a sentence of 324 months imprisonment is greater than necessary to protect the public and deter Mr. Middleton from re-offending. See 18 U.S.C. §3553(a)(2)(B) & (C). Even with a below guideline sentence of 300 months (the statutory minimum) and a good time credit of 15%, Mr. Middleton will be over 72 years old when released.

Mr. Middleton has owned up to his conduct, admitted it to others, accepted responsibility, and cooperated to the best of his ability in all phases of the case. He fully

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

8

understands the wrongfulness of his conduct and is motivated to change. Incarceration for longer than 25 years is not necessary to protect the public and would be a particularly harsh punishment. It is not likely that Mr. Middleton or the public will benefit in any meaningful way from his incarceration for more than 25 years, certainly not in a typical prison environment. This is clearly a case where 25 years imprisonment followed by supervised release with strict conditions and the severe limitations of being a registered sex offender will protect the public, deter him from re-offending, and be sufficient to deter others similarly situated.

## Conclusion

For the reasons set forth above, the Court should vary downward from the otherwise applicable offense level and guideline range to a sentence of 25 years imprisonment followed by supervised release with stringent conditions. Such a sentence would be "sufficient, but not greater than necessary" to satisfy the statutory purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation of the defendant in the most effective manner. 18 U.S.C. §3553(a)(2).

/s/ Scott T. Wendelsdorf
Federal Defender
629 Fourth Avenue
200 Theatre Building
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## CERTIFICATE

      I hereby certify that on March 17, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: A. Spencer McKiness, Esq., Assistant United States Attorney.

      /s/ Scott T. Wendelsdorf

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808