UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:13-CR-118-TBR

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.

THOMAS MIDDLETON                                                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Thomas Middleton's Motion for Compassionate Release in Light of COVID-19 and Motion to Appoint Counsel. [DN 41]. The Government has filed a response. [DN 43]. This matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion for Compassionate Release in Light of COVID-19, [DN 41], is **DENIED** and Defendant's Motion to Appoint Counsel, [DN 41], is **DENIED AS MOOT.**

**BACKGROUND**

In July 2013, law enforcement arrested Defendant on production of child pornography charges. A grand jury charged Defendant with five counts of production of child pornography for pictures he and another adult male took of themselves sexually abusing a female child who was less than seven years old. [DN 43 at 2; DN 29]. In December 2013, Defendant pled guilty to all five counts of production of child pornography. Subsequently, this Court sentenced Defendant to a 324-month term of imprisonment (27 years) and supervised release for life. [DN 32]. In the instant motion, Defendant argues that his underlying health conditions and the coronavirus

constitute "extraordinary and compelling reasons" under the First Step Act that warrant his early release. [DN 41]. In response, the Government argues Defendant's motion should be denied because "he is a repeat and dangerous sex offender who poses a risk of danger to the public." [DN 43 at 1].

## LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court shall engage in a "three-step inquiry." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other

Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)); *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d. ----, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On July 8, 2020, Defendant filed a request for Compassionate Release with the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that his underlying medical conditions put

him at a higher risk for complications from COVID-19. [DN 41-1 at 1]. Subsequently, on August 4, 2020, the Warden responded and denied Defendant's request. [DN 41-1 at 2]. Thus, the Court finds Defendant has properly exhausted his administrative remedies under the First Step Act.

## II. Extraordinary and Compelling Reasons

Where, as here, an incarcerated person files a motion for compassionate release directly, the district judge may skip step two of the § 3582(c)(1)(A) inquiry and has full discretion to define and determine whether an "extraordinary and compelling" reasons exists on his own initiative, without consulting the policy statement § 1B1.13. *Elias*, No. 20-3654, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1111). The Sixth Circuit recently approved the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at a high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520 (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020) (internal quotation marks omitted)).

In support of his motion, Defendant argues that his medical issues including heart disease, high blood pressure, diabetes, H.I.V., high cholesterol, and bad triglycerides place him at high risk of having complications from COVID-19 "if it were to breach the confines of this prison." [DN 41-1]. Defendant's medical records have not been presented to the Court for consideration. Nonetheless, the Court recognizes that pursuant to CDC guidelines, Defendant's alleged medical conditions place him at a higher risk of severe complications from COVID-19.[1] However, FCI

---

[1] The Centers for Disease Control has stated that those with diabetes are at an increased risk of severe illness from COVID-19. Those with high blood pressure may be at an increased risk. The more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19. Additionally, Hypertension, Diabetes, and Hyperlipidemia (high cholesterol) are listed as the three most common comorbidities among COVID-19 related fatalities. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-

Ashland, where Defendant is housed, currently has zero positive inmate cases.[2] Although there are seven staff members with confirmed active cases of COVID-19, there is no outbreak within the prison. Therefore, Defendant has not shown extraordinary and compelling reasons for his release. Even if extraordinary and compelling reasons did exist, compassionate release is not warranted under 18 U.S.C. § 3553(a).

### III. 18 U.S.C. § 3553(a) Factors

Considering the totality of Defendant's circumstances, Defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not warranted. Nonetheless, even though the Court has found Defendant is not entitled to compassionate release, the Court will weigh the sentencing factors in § 3553(a). *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

risk.html?CDC_AA_refVal=https% 3A% 2F% 2Fwww.cdc.gov% 2Fcoronavirus% 2F2019-ncov% 2Fspecific-groups% 2Fhigh-risk-complications.html.
[2] https://www.bop.gov/coronavirus/ (accessed by the Court March 8, 2021).

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];

    (5) any pertinent policy statement . . . by the Sentencing Commission;

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. Here, the "nature and circumstances" of Defendant's crimes and the "history and characteristics of the defendant" weigh heavily against relief. Defendant is presently serving a 27-year sentence for producing child pornography. Notably, Defendant has a long history of violent criminal conduct and is a lifetime registrant on the Sex Offender Registry. [DN 32]. In 1981, he was convicted of robbery with a knife. [DN 29]. While serving a seventeen-year sentence, Defendant escaped custody and was recaptured and sentenced in 1988 for escape. [*Id.*]. Defendant was also convicted of sexual battery of a twenty-two-year-old deaf and mute woman in 1992, when he beat and vaginally raped her. [*Id.*] While serving time for the 1981 robbery, Defendant met Robert Swan, whom he later partnered with to sexually abuse a child. [*Id.*] Swan came to visit Defendant in Kentucky where they babysat a child under seven years old and took pictures of themselves sexually abusing her. [*Id.*] Defendant is currently incarcerated for this criminal and has served approximately seven years of his 27-year sentence.

Accordingly, the Court finds that the nature and circumstances of the present offense and Defendant's pre-confinement history and characteristics do not support relief. Reducing his

sentence would minimize the nature and seriousness of the offense and would be unjust in light of the danger that Defendant poses to the safety of others and to the community. Therefore, the Court does not find compassionate release appropriate. Defendant's Motion for Compassionate Release in Light of COVID019, [DN 41], must be DENIED.

### IV. Appointment of Counsel

Finally, Defendant requests that the Court appoint counsel. [DN 56]. However, as there is no general constitutional right to appointed counsel in post-conviction proceedings, Defendant's request will be denied. *United States v. Clark*, No. 3:09-CR-90-CRS, 2020 WL 3977652 at *4 (W.D. Ky. July 14, 2020). Moreover, "[n]o constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)). Instead, the decision to appoint counsel lies within the Court's discretion but doing so is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *Id.* The Court finds that appointment of counsel is not necessary for Defendant to pursue compassionate release in this case. Here, the issues raised in Defendant's motion concerning a sentence modification are straightforward and resolvable upon a review of the record. The Court finds that the nature of Defendant's motion demonstrates that he has the capacity and the means to effectively set forth the facts, claims, and argument necessary to pursue this § 3582 action without the assistance of counsel. Thus, Defendant's motion for appointment of counsel, [DN 56], is DENIED.

**CONCLUSION**

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release in Light of COVID-19, [DN 41], is **DENIED**, and Defendant's Motion to Appoint Counsel, [DN 41], is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

*Thomas B. Russell* (signature)

Thomas B. Russell, Senior Judge
United States District Court

March 11, 2021

CC: **Thomas Middleton**
14923-033
ASHLAND
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105
PRO SE